John D. McKay
California Bar No. 220202
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN DEW and WILLIAM DEW,<br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br>    Defendant. | COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

For their Complaint against Defendant, Plaintiffs allege the following:

<u>Jurisdiction</u>

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because it arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc.106-45, 1999 WL 33292734 (the "Montreal Convention").

<u>Venue</u>

Venue is proper in this District pursuant to 28 U.S.C. §1391, subsections (b)(2), (c)(2), and (d) because Defendant is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within

California within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. Defendant operates numerous daily domestic and international flights into and out of San Francisco International Airport (SFO) within this District, leases commercial space at SFO from the City and County of San Francisco acting by and through its Airport Commission, employs hundreds of employees in and around SFO, and regularly solicits business from the citizens of this District. Moreover, the jurisdiction and venue provisions of the Montreal Convention treat each signatory "State" as an entire nation-state, without distinguishing between political subdivisions of that nation-state. *See, In re Air Crash at Lexington, Kentucky, August 27, 2006*, 501 F.Supp.2d 902, 911 (E.D. Ky. 2007)(citing *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 175, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999)). Thus, the treaty authorizes nationwide jurisdiction and venue in the federal courts. This action concerns injuries that Plaintiffs sustained from an accident that occurred while they were passengers on one of Defendant's international flights.

### Intradistrict Assignment

Assignment of this action to the San Francisco or Oakland Division is proper because Defendant's regularly conducted operations are in San Mateo County.

### The Parties

1. Plaintiff Jillian Dew is an individual resident and citizen of the United States, and has been at all times relevant hereto. Plaintiff Jillian Dew is lawfully married to Plaintiff William Dew, and has been at all times relevant hereto.

2. Plaintiff William Dew is an individual resident and citizen of the United States, and has been at all times relevant hereto. Plaintiff William Dew is lawfully married to Plaintiff Jillian Dew, and has been at all times relevant hereto.

3.	Defendant, American Airlines, Inc., is a wholly-owned subsidiary of American Airlines Group, Inc. and is a corporate citizen of the State of Texas, where it maintains its principal business offices. Defendant operates the world's largest airline, that makes regularly scheduled flights between California and numerous domestic and international airports.

<u>Particulars of the Claim</u>

4.	On May 8, 2019, Plaintiffs boarded American Flight 193 (the "Flight"), operated by Defendant, as ticketed passengers. The itinerary on which Plaintiffs were traveling at the time of the events described in this Complaint was a roundtrip itinerary that Plaintiffs booked in the United States, for travel from the United States to China and back to the United States. The United States and China are parties to the Montreal Convention.

5.	The aircraft on which the Flight was conducted was, at all times relevant hereto, under the exclusive control of Defendant, acting by and through its authorized employees and/or agents.

6.	During the course of the Flight, while Plaintiffs were on board the aircraft, a flight attendant handed Plaintiff Jillian Dew a hot beverage after serving a snack to both Plaintiffs. The flight attendant refused to allow Jillian to empty her hands of trash from the snack service before insisting that she grab the cup of hot coffee and another cup of creamer, even though Jillian's hands were full. Defendant had seated Plaintiffs in the "bulkhead" row where there was insufficient tray space to accommodate all of the items that the flight attendant had handed to Plaintiffs. While Jillian was attempting to hold the cup full of the hot liquid as well as the cupful of creamer, the aircraft encountered unannounced turbulence and the hot liquid spilled onto her lap as a result of the violent movements of the aircraft. Jillian sustained severe burns to her thighs and genitalia as a result.

7.      Plaintiff Jillian Dew suffered serious injuries as a result of the accidental spillage of the hot coffee onto her lap, including burns to her skin and genitalia, blistering and scarring. Those injuries have caused Plaintiff Jillian Dew considerable pain and suffering, anxiety, mental distress, discomfort and embarrassment, and will continue to cause her to suffer such *sequelae* in the future. Upon information and belief, her scarring from the injuries is permanent. She has had to seek medical treatment for her injuries, which has resulted in her incurring medical expenses in an amount to be proven at trial.

8.      Pursuant to Article 17(1) of the Montreal Convention, Defendant "is liable for damage sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

9.      The spilling of the hot liquid onto Plaintiff Jillian Dew's lap constituted an "accident" that "took place on board the aircraft" within the meaning of Article 17(1) of the Montreal Convention, rendering Defendant liable to Plaintiffs for their damages sustained as a result of the bodily injuries caused to Plaintiff Jillian Dew.

<u>Count I: Jillian Dew</u>

10.     Plaintiffs hereby repeat and reallege the allegations of Paragraphs 1 through 9 as though they were fully set forth herein.

11.     Plaintiff Jillian Dew is entitled to fair compensation for her physical injuries, the associated mental distress and anxiety, her pain and suffering and embarrassment, and all discomfort, inconvenience and other *sequelae* of her injuries, as well as any and all permanent effects of such injuries, under the terms of the Montreal Convention.

12. No negligence, wrongful act or omission by Plaintiff Jillian Dew contributed in any way to the injuries and/or damages that she sustained.

WHEREFORE, Plaintiff Jillian Dew demands judgment against Defendant in an amount not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), as permitted by the language of the Montreal Convention, as amended, plus pre-judgment interest from June 1, 2018 and post-judgment interest and her costs of this action, together with such other and further relief as the Court and/or jury shall deem just.

### Count I: William Dew

13. Plaintiffs hereby repeat and reallege the allegations of Paragraphs 1 through 9 as though they were fully set forth herein.

14. As a result of the severe injuries sustained by his wife, Plaintiff William Dew has suffered, and will continue to suffer in the future, loss of consortium, conjugal fellowship, society, affection and assistance.

15. Plaintiff William Dew is entitled to fair compensation for the loss of consortium, conjugal fellowship, society, affection and assistance, the associated mental distress, anxiety and embarrassment, and all discomfort, inconvenience and other *sequelae* thereof, under the terms of the Montreal Convention and its incorporation of the local law of the forum.

WHEREFORE, Plaintiff William Dew demands judgment against Defendant in an amount not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), as permitted by the language of the Montreal Convention, as amended, and its incorporation of the local law of the forum, plus pre-judgment interest from June 1, 2018 and post-judgment interest and his costs of this action, together with such other and further relief as the Court and/or jury shall deem just.

<u>Jury Demand</u>

PLAINTIFFS DEMAND TRIAL BY JURY.

DATED this 7th day of June, 2019.

                                                             PARK AVENUE LAW LLC

                                                                           s/ John D. McKay
                                                            John D. McKay
                                                            Counsel for Plaintiff